854 F.2d 1317
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Earl Lawrence SQUIRES, Petitioner-Appellant,
v.
Rufus FLEMING, Warden, Respondent-Appellee.
 No. 87-7238.
 United States Court of Appeals, Fourth Circuit.
 Argued July 5, 1988.
Decided July 29, 1988.
 
 Rhonda Van Lowe, Student Counsel (Steven H. Goldblatt, Director, Dori K. Bernstein, Ellen Pearlman, Supervising Attorneys, Thomas M. Pastore, Student Counsel, Appellate Litigation Program, Georgetown University Law Center on brief) for appellant.
 Robert Quentin Harris, Assistant Attorney General (Mary Sue Terry, Attorney General on brief) for appellee.
 Before HARRISON L. WINTER, Chief Judge, and MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Here we have an appeal from a denial of habeas corpus. Earl Lawrence Squires asserts there was ineffective assistance of counsel during his trial in a Virginia court for first-degree murder.
 
 
 2
 While we may assume that Squires' trial counsel was fairly subject to criticism for some of his decisions and his level of preparation in connection with the murder trial, the defense counsel was not so inadequate as to qualify the case as meriting relief under Strickland v. Washington, 466 U.S. 668 (1984). The district judge properly rejected many of Squires' claims as involving reasonable trial strategy or judgment, and rejected the others as not satisfying the second Strickland prong of prejudice to the defense.
 
 
 3
 Squires has not shown that a different result might have occurred in the absence of particular erroneous activities by his counsel. The damning evidence was Squires' repeated confessions to an undercover Federal Bureau of Investigation agent that he had perpetrated the murder with which he was charged. Among other things, Squires originated discussion of the subject and volunteered in detail his confessions of guilt, including the admission that he had pulled the trigger. The confessions were bolstered by circumstantial evidence that even the most competent and attentive counsel would not have been able to refute.
 
 
 4
 We affirm the denial of the writ on the opinion of the district judge. See Squires v. Fleming, No. 85-0604-R, slip op. (E.D.Va. Apr. 27, 1987).
 
 
 5
 AFFIRMED.